## WILLIAMS *v.* MORANCY et al.

Where mortgaged property is in possession of the mortgagor, one expressly subrogated to the rights of the mortgagee, may proceed against it *viâ executivâ*. But where an act of mortgage contains no clause *de non alienando*, and the property is sold by the mortgagor to a third person, neither the mortgagee, nor any one subrogated to his rights, can proceed against it by order of seizure and sale. The creditor must resort to an hypothecary action.

Where an act transferring the rights of a mortgagee and subrogating the purchaser thereto has been lost, proof of its contents can only be received upon showing a previous advertizement of the loss, and that proper measures had been taken to recover it. C. C. 2258, 2259.

APPEAL from the District Court of Madison, *Curry*, J. *Dunlap*, *Stacy* and *Sparrow*, for the appellant. No council appeared for the defendants. The judgment of the court was pronounced by

KING, J. *Williams* and *McMurtry* executed a mortgage in favor of *Morancy*, to secure the payment of a promissory note of which they were the joint and several makers. Upon this mortgage *Morancy* obtained an order of seizure and sale, but desisted from executing it at the instance of *Williams*, who paid the greater part of the debt. *Mrs. Chaille* purchased the mortgaged property, and assumed the payment of the debt to *Morancy*. After her death, *Stanford*, her administrator, paid the balance remaining due, by a draft upon *Britton & Co.*, of which firm *Koonts* was a member; and, at the request of *Stanford*, *Morancy* transferred the note of *Koonts*, and subrogated the latter, as is alleged, to his rights under the judgment in the executory proceeding. The attorney of *Koonts* issued an execution on the order of the seizure and sale obtained by *Morancy*, and in the name of *Morancy*, for the whole amount of the original debt, which *Williams* has instituted this action to enjoin. The injunction was perpetuated for the amount paid by *Williams*, but dissolved for the amount paid by *Stanford* by the draft upon *Britton & Co.* From this judgment the plaintiff has appealed.

Interrogatories were propounded to *Morancy*, who in answer to them states that, the entire debt to him has been paid, with the exception of the costs incurred in the executory proceeding, and that he neither ordered nor authorized the issuing of the execution.

The question presented is, whether *Koonts*, in virtue of his alleged subrogation, could legally proceed to execute, in the name of *Morancy*, the order of seizure and sale obtained by the latter, to enforce the payment of the balance remaining due. This right could have been exercised while the property remained in the mortgagor's possession, upon showing an express subrogation. 3 Rob. Rep. 3. But, in the present instance, after the order of seizure and sale was obtained by *Morancy*, but previous to the alleged transfer and subrogation, the land subject to the mortgage was sold to *Mrs. Chaille*, and belonged to her succession at the date of the transfer. The act of mortgage contained no clause of non-alienation. *Morancy* himself could not have proceeded to execute his suit, after the sale to *Mrs. Chaille*, but would have been driven to his hypothecary action. *Koonts* acquired no greater right than *Morancy* possessed, and consequently could not have proceeded by the executory process, even if he had made proof of an express subrogation to the mortgagee's rights. But the proof of the subrogation is defective. *Amoneit*, the attorney of *Koonts*, deposes that *Morancy* transferred the judgment to *Koonts*, with a subrogation to all his rights in relation to it, for the unpaid residue; that the witness has searched for the transfer, but has been unable to find it. The foundation of the right of *Koonts* to proceed, even if the property were still in the possession of the mortgagor, was the act of transfer and subrogation, which being lost, proof of its contents could only have been made upon showing a previous advertisement of the loss, and proper measures taken to recover it. C. C. 2258, 2259.

But it further appears that, the claim of *Koonts* has been prosecuted in the Probate Court against the succession of *Mrs. Chaille*, to which the land be-

longed, and that the land has been actually sold under those proceedings. It has not been explained upon what principle the party claims to subject the property a second time to the same mortgage.

The judgment of the District Court is, therefore, reversed. It is further ordered that the injunction issued in this case be maintained, without prejudice to any rights that *G. W. Koonts* may have acquired under his subrogation to the rights of *Morancy* ; the appellee paying the costs of both courts.